UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM LEE, et al.,

    Plaintiffs,                               Hon. Wendell A. Miles

v.                                             Case No. 1:07 CV 139

PATRICIA CARUSO, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Dr. Badawi Abdellatif's Motion to Dismiss Plaintiffs Robert Ramsey and Timothy Junius Boulding under 28 U.S.C. § 1654, (dkt. #59), and MDOC Defendants' Concurrence with Co-Defendant Dr. Abdellatif's Motion to Dismiss, (dkt. #60). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendants' motions be **denied**.

**ANALYSIS**

This action was initiated on February 9, 2007, by three individuals: William Lee, Robert Ramsey, and Timothy Boulding. (Dkt. #1). Plaintiffs' complaint consists of two items: (1) the court-supplied Form to be Used by a Prisoner in Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983, and (2) three statements, each authored by a different plaintiff, describing the basis for their claims. Defendants seek the dismissal of the claims asserted by Plaintiffs Robert Ramsey and Timothy Boulding on the ground that they failed to sign the complaint. In support of their motion, Defendants cite to 28 U.S.C. § 1654, which provides as follows:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

Defendants assert that "an adult litigant who wishes to proceed pro se must personally sign the complaint to invoke this court's jurisdiction." Defendants assert that because Plaintiffs Ramsey and Boulding failed to sign the complaint they are in effect being represented by Plaintiff Lee, the only plaintiff who allegedly signed the complaint. According to Defendants, because Plaintiff Lee is not a licensed attorney the claims advanced by Plaintiffs Ramsey and Boulding must be dismissed. The Court disagrees.

Defendants' argument is based on the fact that only Plaintiff Lee signed the court-supplied form. As previously observed, however, in addition to the court-supplied form the complaint also includes an additional six pages of allegations. These particular pages articulate the factual basis for the claims asserted in this matter. These particular pages are signed by all three plaintiffs. The Court considers these additional allegations to be an essential part of Plaintiffs' complaint. To conclude otherwise would be to unfairly elevate form over substance and force the Court to interpret Plaintiffs' pleadings unduly narrowly rather than with the requisite indulgence.

Furthermore, the purpose of 28 U.S.C. § 1654 is not to impose unfair pleading requirements on litigants, but rather is intended to prevent litigants from being represented by unlicensed laypeople. *See, e.g., Reeves v. Queen City Transp.*, 10 F.Supp.2d 1181, 1188 (D. Colo. 1998) ("[t]he purpose of [§ 1654] is to guard against the unauthorized practice of law by those who are not subject to the general discipline of the court"). This concern is not implicated in this circumstance. Throughout the pendency of this matter Plaintiffs Ramsey and Boulding have each represented themselves without any evidence of assistance from Plaintiff Lee or anyone else.

## CONCLUSION

For the reasons articulated herein, the Court recommends that <u>Defendant Dr. Badawi Abdellatif's Motion to Dismiss Plaintiffs Robert Ramsey and Timothy Junius Boulding under 28 U.S.C. § 1654</u>, (dkt. #59), be **denied**; and <u>MDOC Defendants' Concurrence with Co-Defendant Dr. Abdellatif's Motion to Dismiss</u>, (dkt. #60), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  June 13, 2008              /s/ Ellen S. Carmody
                                  ELLEN S. CARMODY
                                  United States Magistrate Judge