UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM LEE, et al.,

        Plaintiffs,                             Hon. Wendell A. Miles

v.                                        Case No. 1:07 CV 139

PATRICIA CARUSO, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on Defendant Dr. Badawi Abdellatif's Motion to Dismiss Plaintiff William Lee under Fed. R. Civ. P. 41(b), (dkt. #52), and Defendants Caruso's, Russell's, Pramstaller's, Berghuis' and Gracik's Motion to Dismiss Claims of Plaintiff William Lee for Failure to Prosecute, (dkt. #53).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendants' motions be **granted** and Plaintiff William Lee dismissed from this action.

## BACKGROUND

        This action was initiated on February 9, 2007, by three individuals: William Lee, Robert Ramsey, and Timothy Boulding.  (Dkt. #1).  Plaintiffs allege violations of their Eighth Amendment right to be free from cruel and unusual punishment.  When this action was initiated, all three plaintiffs were incarcerated by the Michigan Department of Corrections.  Plaintiff Lee was released on parole on March 6, 2007.  (Dkt. #4; Dkt. #52, Exhibit A).

On March 21, 2007, Plaintiff Lee notified the Court of his change of address. (Dkt. #6). Since that date, however, Plaintiff Lee has not participated in this action. Moreover, the address Lee provided to the Court does not appear to be valid. Numerous mailings to Plaintiff Lee (sent by both the Court and defense counsel) at the address Lee provided have been returned as undeliverable, with no forwarding address available. (Dkt. ##30, 50, 56; Dkt. #52, Exhibit B). Defendants now move to dismiss Plaintiff William Lee from this action for failure to prosecute his claims.

## ANALYSIS

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Accordingly, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

When faced with a motion to dismiss for failure to prosecute under Rule 41(b), the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the Court to recommend that Plaintiff William Lee be dismissed from this action. Lee has failed to participate in this matter *in any way* for more than fifteen months. The Court attributes such prolonged inactivity as willful on Lee's part. Lee's claims against Defendants implicate the medical care he received while in the MDOC's custody. Due to his refusal to participate in this matter, however, Defendants are unable to obtain from Lee a release necessary to obtain copies of his medical records. The inability to obtain access to clearly relevant discovery material certainly prejudices Defendants' ability to defend against Lee's claims.

While Lee has not previously been warned by the Court that dismissal of his claims might result from his refusal to participate in this matter, the Court notes that Plaintiff Lee failed to respond to the present motions to dismiss, which arguably warned Lee that dismissal is an appropriate remedy for his failure to participate. Moreover, this Report and Recommendation will serve as such a warning and affords Plaintiff Lee an opportunity to refute the Court's recommendation that dismissal is appropriate. Finally, given Plaintiff Lee's refusal to participate in this matter for more than 15 months the Court finds that dismissal of Lee's claims is an appropriate sanction.

In sum, Plaintiff Lee has failed to notify the Court of his current address and has not participated in this matter in any way for more than fifteen months. Under these circumstances, the Court concludes that dismissal with prejudice of Plaintiff Lee's claims is appropriate.

## CONCLUSION

For the reasons articulated herein, the Court recommends that <u>Defendant Dr. Badawi Abdellatif's Motion to Dismiss Plaintiff William Lee under Fed. R. Civ. P. 41(b)</u>, (dkt. #52), be **granted**; <u>Defendants Caruso's, Russell's, Pramstaller's, Berghuis' and Gracik's Motion to Dismiss</u>

<u>Claims of Plaintiff William Lee for Failure to Prosecute</u>, (dkt. #53), be **granted**; and Plaintiff William Lee dismissed from this action.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  June 13, 2008

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge