UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT RAMSEY and
TIMOTHY BOULDING,

        Plaintiffs,                                      Case No. 1:07-cv-139

v.                                                                 Hon. Wendell A. Miles

PATRICIA CARUSO, et al.,

        Defendants.
_____/

## ORDER

This matter is before the Court on Plaintiffs' <u>Motion for Leave to File an Amended Complaint</u>, (dkt. #41), <u>Defendants' Motion for Summary Judgment</u>, (dkt. #32), and <u>Defendant Abdellatif's Motion to Dismiss</u>, (dkt. #35). As discussed below, Plaintiffs' motion is **granted** and Defendants' motions are **denied without prejudice**.

Plaintiff seeks to amend his complaint to eliminate certain defendants, add other defendants, and clarify his claims. Defendants oppose Plaintiff's request and have moved for summary judgment and dismissal as to the claims asserted in Plaintiff's original complaint.

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a complaint shall be "freely given when justice so requires." The factors relevant when considering a motion to amend include: (1) undue delay in filing, (2) lack of notice to the opposing party, (3) bad faith by the moving party, (4) repeated failure to cure deficiencies by previous amendments, (5) undue prejudice to the opposing party, and (6) futility of amendment. *See Wade v. Knoxville Utilities Board*, 259 F.3d 452,

458 (6th Cir. 2001). Notice and substantial prejudice to the opposing party are the "critical factors" in determining whether an amendment should be granted. *Id.* at 458-59.

The Court finds no evidence of undue delay or bad faith in this matter. Plaintiffs are laypeople proceeding without benefit of counsel. They are not seeking to add claims based on newly asserted facts. The factual basis for the claims which Plaintiffs assert in their proposed first amended complaint was articulated in their original complaint. Thus, the Court finds that Defendants have been given sufficient notice of these claims and will not suffer prejudice as a result of granting Plaintiffs' motion. In sum, consideration of the relevant factors weighs in favor of granting Plaintiffs' motion to amend their complaint. The Court, therefore, **grants** Plaintiffs' motion to amend their complaint.

The Court does not want to litigate the claims asserted in Plaintiff's first amended complaint in piecemeal fashion. Accordingly, Defendants' motion for summary judgment and dismissal, (dkt. #32 and #35), filed in response to Plaintiffs' original complaint, are hereby **denied without prejudice**. Defendants may submit dispositive motions with respect to the claims asserted in Plaintiffs' first amended complaint.

IT IS ORDERED that Plaintiff's <u>Motion for Leave to File an Amended Complaint</u>, (dkt. #41), is **granted**; <u>Defendants' Motion for Summary Judgment</u>, (dkt. #32), is **denied without prejudice**; and <u>Defendant Abdellatif's Motion to Dismiss</u>, (dkt. #35), is **denied without prejudice**.

IT IS FURTHER ORDERED that in accordance with Administrative Order No. 03-029, the Clerk shall return to Plaintiffs with a copy of this order one copy of the complaint and any exhibits.

IT IS FURTHER ORDERED that immediately upon receipt of this order, Plaintiffs shall request that the prison make two (2) copies of the complaint and exhibits for service upon each Defendant for whom service has been ordered. Plaintiffs are responsible for the cost of the copies. If

Plaintiffs do not have sufficient funds to pay for the copies, the Michigan Department of Corrections provides loans for legal copies. See MICH. DEP'T. OF CORR., Policy Directive 05.03.116.

IT IS FURTHER ORDERED that within fifteen business days of this order, Plaintiffs shall file with the Court the requisite number of copies of the complaint and exhibits along with a copy of this order OR an affidavit explaining why Plaintiffs are unable to provide the requested copies within the fifteen-day period. Should the Court find that the prison failed to make copies upon Plaintiffs' request, the Court will direct the Clerk to make such copies as may be necessary and to charge the Michigan Department of Corrections for the cost of copying at the Court's usual rate of $.50 per page.

IT IS FURTHER ORDERED that Plaintiffs' failure to submit the requested copies within the time provided by the Court or affidavit explaining why Plaintiffs are unable to provide the requested copies may result in the dismissal of their action without prejudice by the Court.

IT IS FURTHER ORDERED that upon receipt of the copies required by this order, the Clerk shall arrange for service of summons and complaint, along with a copy of this order, upon Defendants.

IT IS FURTHER ORDERED that Defendants shall reply to the complaint by way of answer, motion to dismiss, or motion for summary judgment within the time allowed by law. *See* 42 U.S.C. § 1997e(g)(1).

IT IS SO ORDERED.


Date: September 12, 2008                    /s/ Wendell A. Miles
                                                          Hon. Wendell A. Miles
                                                          United States District Judge