UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM LEE, et al.,

    Plaintiffs,                                 Hon. Robert Holmes Bell

v.                                                   Case No. 1:07 CV 139

PATRICIA CARUSO, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant State of Michigan's Motion for Summary Judgment</u>. (Dkt. #121). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendant's motion be **granted**.

## BACKGROUND

This action was initiated on February 9, 2007, by three individuals: William Lee, Robert Ramsey, and Timothy Boulding. (Dkt. #1). Plaintiffs alleged violations of their Eighth Amendment right to be free from cruel and unusual punishment. When this action was initiated, all three plaintiffs were incarcerated by the Michigan Department of Corrections. Plaintiff Lee was later released from custody and subsequently dismissed from this action for failure to prosecute his claims. (Dkt. #71).

Soon thereafter, Plaintiffs Ramsey and Boulding filed an amended complaint against the State of Michigan, the Michigan Department of Corrections, and numerous individuals. (Dkt. #75). Plaintiff Ramsey asserts that due to complications he has experienced with his prosthetic leg, he has required the use of a wheelchair. Plaintiff Boulding asserts that he requires the use of a wheelchair

because he is a paraplegic. Plaintiffs assert that they have been denied appropriate medical care in violation of their Eighth Amendment rights. Plaintiffs further assert that Defendants have failed to appropriately accommodate their disabilities, in violation of the Americans with Disabilities Act. Plaintiffs seek declaratory relief, injunctive relief, and $14,000,000 in compensatory and punitive damages. Defendant State of Michigan now moves for dismissal of Plaintiffs' claims.

**I.        Service of Process**

Defendant asserts that Plaintiffs' claims must be dismissed because they failed to properly effect service on the State of Michigan. This argument is wholly without merit.

On the question of the proper way to effect service of process on a state, the Federal Rules of Civil Procedure provide as follows:

> (j)    Serving a Foreign, State, or Local Government
>
> (2)    State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A)    delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B)    serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).

Plaintiffs attempted to effect service on the State of Michigan by mailing a summons and a copy of the complaint to the Office of the Attorney General for the State of Michigan. (Dkt. #118). This mailing was accepted for delivery by Jeremy Hall, who identified himself on the receipt as "Agent for State of Michigan." Defendant nonetheless asserts that because Plaintiffs did not personally serve their summons and complaint on Governor Jennifer Granholm, the Chief Executive of the State of Michigan, Plaintiffs claims must be dismissed for failure to properly effect service.

While it is true that Plaintiffs did not personally effect service on Governor Granholm, as provided for in Rule 4(j)(2)(A), Defendant's argument ignores the fact that Plaintiffs can nevertheless properly effect service on the State of Michigan by doing so in accordance with state law as provided for in Rule 4(j)(2)(B). Defendant has submitted no evidence nor cited to any authority that supports the argument that Plaintiffs' method of effecting service in this manner fails to comply with state law. Furthermore, Defendant's position is contradicted by the fact that the official who accepted service in this matter for the State of Michigan, identified himself as an "Agent for State of Michigan." Defendant offers no evidence to the contrary. The Court also notes that the Michigan Supreme Court, almost forty years ago, indicated that "[s]ervice upon the Attorney General g[ives] the state proper notice of suit [and is] sufficient to bring the state within the trial court's jurisdiction." *Gaertner v. State of Michigan*, 187 N.W.2d 429, 433 (Mich. 1971). Defendant's argument is rejected as frivolous.

**II.        Eleventh Amendment Immunity**

Defendant next asserts that because it has not consented to suit, Plaintiffs' claims against the State must be dismissed pursuant to the Eleventh Amendment. The Court agrees.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. This provision has long been interpreted as precluding "federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Board of Regents*, 528 U.S. 62, 72-73 (2000). Accordingly, the Eleventh Amendment precludes federal court actions against a State unless that state has waived its sovereign immunity or consented to suit in federal court. *See Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)). The State of Michigan "has not consented to being sued in civil rights actions in the federal courts." *Johnson v. Unknown Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). The Court further notes that the State of Michigan is not a person under 42 U.S.C. § 1983. *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 654 n.8 (6th Cir. 2007) (citing *Will*, 491 U.S. at 71). Accordingly, the undersigned recommends that Plaintiffs' claims against the State of Michigan be dismissed.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant State of Michigan's Motion for Summary Judgment</u>, (dkt. #121), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 22, 2009

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge