UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT RAMSEY, et al.,

       Plaintiffs,                         Hon. Robert Holmes Bell

v.                                              Case No. 1:07 CV 139

PATRICIA CARUSO, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Abdellatif and Spitters' Motion to Dismiss Plaintiff Ramsey's Complaint, (dkt. #132); and Defendant Abdellatif and Spitters' Motion to Dismiss Plaintiff Boulding's Complaint, (dkt. #133). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motions both be **granted**. The undersigned further recommends that Plaintiffs' claims against the remaining Defendants be **dismissed** and this matter terminated.

## BACKGROUND

Plaintiffs William Lee, Robert Ramsey, and Timothy Boulding initiated this action on February 9, 2007, against numerous defendants. (Dkt. #1). Plaintiff Lee was subsequently dismissed from this action for failure to prosecute. (Dkt. #71). Plaintiffs Ramsey and Boulding later submitted an amended complaint. (Dkt. #75). In their amended complaint, Plaintiffs describe a litany of allegations that they conclude violate the Americans with Disabilities Act (ADA). Plaintiffs request declaratory relief, unspecified injunctive relief, and fourteen million dollars ($14,000,000.00) in

monetary damages. Defendants Abdellatif and Spitters have moved to dismiss Plaintiffs' complaint for failure to state a claim on which relief may br granted.

**I.         Defendants Abdellatif and Spitters**

Relying on Federal Rule of Civil Procedure 12(b)(6), Defendants Abdellatif and Spitters move for relief on the ground that Plaintiffs' complaint fails to state a claim on which relief may be granted. A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to the plaintiff to determine whether such states a valid claim for relief. *See Bower v. Federal Exp. Corp.*, 96 F.3d 200, 203 (6th Cir. 1996).

To prevail on a Rule 12(b)(6) motion, Defendants must demonstrate that it appears beyond doubt that Plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. As the Supreme Court recently stated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 545. As the Court subsequently explained:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the

> wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, ____ U.S. ____, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008).

Title II of the Americans with Disabilities Act (ADA) provides that "no qualified individual with a disability shall by reason of such disability be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Jones v. City of Monroe, Michigan*, 341 F.3d 474, 477 (6th Cir. 2003) (quoting 42 U.S.C. § 12132). The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices. . .meets the essential eligibility requirements for receipt of services or the participation in programs or activities provided by a public entity." *Jones*, 341 F.3d at 477 (quoting 42 U.S.C. § 12131).

To make out a prima facie case under Title II of the ADA, a plaintiff must establish the following: (1) he has a disability, (2) he is otherwise qualified, and (3) he is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of his disability. *See Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005). Plaintiffs have not alleged that Defendants Abdellatif and Spitters (or any of the other Defendants)

engaged in the conduct in question because of (or solely because of) their disabilities. Accordingly, the undersigned recommends that Defendants' motions to dismiss be **granted**.

**II.        Plaintiffs' Claims Against the Remaining Defendants**

Plaintiffs have been permitted to proceed as paupers in this matter. (Dkt. #9). Pursuant to federal law, "[n]otwithstanding any filing fee, or portion thereof, that may have been paid" by Plaintiffs, "the court *shall* dismiss the case *at any time* if the court determines that. . .the action. . .fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). As discussed in the preceding section, Plaintiffs have not alleged that Defendants acted because of (or solely because of) their disabilities. Accordingly, the undersigned recommends that Plaintiffs' claims against the remaining Defendants be dismissed for failure to state a claim on which relief may be granted.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant Abdellatif and Spitters' Motion to Dismiss Plaintiff Ramsey's Complaint, (dkt. #132), be **granted**; and Defendant Abdellatif and Spitters' Motion to Dismiss Plaintiff Boulding's Complaint, (dkt. #133), be **granted**. The undersigned further recommends that Plaintiffs' claims against the remaining Defendants be **dismissed** and this matter terminated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 8, 2010

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge